**SKINNER et, Plaintiffs-Appellees, v. COLER et, Defendants-Appellees, ROEPKE et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3315. Decided June 22, 1950.

Jesse H. Leighninger, G. F. Hammond, Youngstown, for plaintiffs-appellees.

Raleigh P. Swanner, Youngstown, Ohio, for defendants-appellees.

Thomas E. Antonelli, Clyde W. Osborne, Youngstown, for defendants-appellants.

## OPINION

By PHILLIPS, PJ.

In this opinion, unless otherwise designated, individuals who were parties in the case we review will be referred to by their surnames and partnerships and corporations by their partnership or corporate names.

Plaintiffs, doing business as The Boardman Lumber Company, sued defendant Albert Coler, general contractor for the construction of, and defendants Herman Roepke and Marie Roepke, the owners of, a dwelling house situated in Mahoning County, Ohio, to secure a money judgment against defendant Coler and a decree of foreclosure thereref against defendants Roepke for material furnished in the construction of such building for which it had not been paid.

Defendants Richard Jones, d. b. a. Jones Plumbing and Heating Company, and the District Builders Supply Company had, or claimed to have had, some right, title or interest in the premises described therein by reason of having furnished labor and material to defendants Coler for the construction thereof, which they set up by their respective cross-petitions after having answered to plaintiff's petition, and which claims have been settled.

On the 16th day of September, 1947, defendant Herman Roepke entered into a written agreement with defendant Coler in which he agreed to build a house for defendants, Herman and Marie Roepke, in Mahoning County for $6,000.00.

Simultaneously with the execution of such contract defendants Roepke paid Coler $2,500.00, and as the work progressed an additional $1,000.00.

While the work was in progress Coler determined that he could not build such house for the contract price, and applied "some of it ($3,500.00) to the bills for material and paid the labor for the construction of the Roepke house out of it, and I used some of it for my own labor but I did not keep books

on it"; and as the trial judge held breached the contract of September 16, 1947.

After Coler advised defendants Roepke that he could not build the house for the price stipulated in the contract, they, together with plaintiff and others, had several conferences concerning the completion of such house and payment of material delivered to Coler for that purpose. During those conferences defendant Coler offered to furnish the labor and supervision necessary to complete the house and build a garage, the construction of which garage was not provided for in the original written agreement, if defendants Roepke would furnish the material, which the evidence discloses they refused to do. Coler claims he agreed to do this, and contends such arrangement constituted a modification of the written agreement as shown by his cross-petition, to which reference is made later herein.

At that time Coler admittedly owed the Boardman Lumber Company $1390.72 for material delivered to Coler for use in the construction of the defendants Roepke's house.

The parties were unable to reach an agreement of settlement and defendants Roepke completed their house at a total cost of $7740.67, which did not include the amount owed the Boardman Lumber Company, but did include the bills of other materialmen and labor, with which settlement in some instances was made before and in some instances after suit was filed in the court of common pleas.

Subsequently the Boardman Lumber Company sued Coler in the court of common pleas for the amount he owed it for material delivered to defendants Roepke, and to foreclose its lien of $1390.72 on their property.

The trial judge directed the jury to return a verdict for the Boardman Lumber Company against Coler for $1390.72, with interest from February 1, 1946, on the first cause of action of its petition, upon which verdict subsequently he duly entered judgment. The trial judge found the lien of the Boardman Lumber Company, as alleged in the second cause of action of its petition filed in the trial court, was a good and valid lien on the property of defendants Roepke, and entered a decree of foreclosure thereof accordingly.

Thereafter the trial judge submitted the case to the jury on the following pleadings:—

The cross-petition of Roepkes in the first cause of action of which they alleged inter alia their willingness to complete their contract with Coler in accordance with its terms; the misapplication by Coler of money paid him to construct their house, and by reason of Coler's conduct the necessity of their

completing its construction at a cost of $9963.92; and in the second cause of action thereof they prayed judgment against Coler for $3962.92.

The answer of defendant Coler to the cross-petition of Roepkes in which he admitted the execution of the contract, payment of $3500.00 to him by Roepkes, and generally denied all other allegations of such pleading.

Coler's cross-petition against Roepkes in which he alleged inter alia "that on or about the 28th day of November, 1947, he and the said defendant had a conference in which the progress of the building, the cost of the building and labor costs were discussed and considered," and "that the original contract was modified in that the defendant Herman Roepke, agreed to assume and pay all claims for materials which had gone into the building, and to further pay all materials necessary to complete the building, including the garage; that the defendant, Albert Coler, was to work and supervise the job without additional compensation and retain all money which he had previously received from the defendants and not paid to subcontractors."

The cross-petition of defendant Coler in which he alleges that "said parties entered into the performance of said modified agreement, and this defendant stood able, ready and willing to perform his part thereof, but the defendants, Herman Roepke, maliciously and wilfully set about on a course of action and conduct to make him quit the job; that they accused him of appropriating and using without right materials which had been purchased for said building; that by reason of the conduct of said defendants, he was forced to leave the job; that they refused to pay for the materials which had gone into said building and refused to purchase the necessary materials to complete the building."

Herman Roepke answered to Coler's cross-petition in which he generally denied each and every fact stated, averment made and allegation set forth therein.

The issue, among others, "whether or not there was a modification of the contract" of September 16, 1947.

After due deliberation the jury returned a verdict for $1390.72 in favor of Coler against Herman Roepke.

Herman Roepke appealed to this court on questions of law and on questions of law and fact from the judgment of the trial court. By agreement of counsel the case was tried as an appeal on questions of law and fact, and submitted to us on a transcript of the testimony and the evidence submitted in the trial court.

It was admitted during trial in the court of common pleas and in this court that Coler owed The Boardman Lumber Company $1390.72, and there is ample evidence in the record submitted to us for review that he owed that amount for building materials delivered "on the Roepke job."

In our opinion there is ample evidence that the lien of the Boardman Lumber Company on Roepke's property for that amount was a good and valid lien, and therefore we do not quote evidence with reference thereto.

By brief counsel for Roepke lists "questions presented by the evidence" for our determination, which we answer as shown by the answer noted below each question presented:—

"1. Whether or not the mechanic's lien filed by the plaintiffs and recorded in volume 37, page 209, is a valid mechanic's lien."

Answer: It is a good and valid mechanic's lien.

"2. Whether or not the defendants Herman and Marie Roepke were entitled to a judgment against Albert Coler for breach of contract."

Answer: They were not entitled to a judgment against Albert Coler for breach of contract.

"3. Whether or not Albert Coler was entitled to a verdict or judgment against the defendants Herman and Marie Roepke when he breached the contract when the building was about half constructed."

Answer: He was entitled to the judgment rendered by the trial court.

"4. Whether or not the written contract dated September 16, 1947, was modified to form a novation as claimed by the defendant Albert Coler from all the evidence."

Answer: It was modified to form a novation as claimed by the defendant Albert Coler from all the evidence.

Without further word of explanation, which we deem unnecessary since the facts and the law have been fully discussed heretofore herein, our finding and judgment is the same as that made in the court of common pleas.

An entry drawn in accordance with that conclusion may be presented by prevailing counsel for signature.

NICHOLS, J, GRIFFITH, J, concur in judgment.